# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALIRIO TEIXEIRA BAPTISTA, <br><br> Petitioner, <br><br> v. <br><br> TODD LYONS, <br> Acting Field Office Director <br> US. Immigration and Customs Enforcement, <br> ANTONE MONIZ, <br> Superintendent of Plymouth County Correctional Facility, <br> JOSEPH D. MCDONALD, JR., <br> Sheriff of Plymouth County <br><br> Respondents. | Civ. No. 19-cv-11467 <br><br><br> PETITION FOR WRIT OF HABEAS CORPUS <br><br><br><br><br><br><br><br> ORAL ARGUMENT REQUESTED |

## INTRODUCTION

1. This is a petition for a writ of habeas corpus to counter the failure of U.S. Immigration and Customs Enforcement (ICE) to transport Petitioner, Alirio Teixeira Baptista, to his criminal proceedings pending in Massachusetts courts.

2. In this case, Mr. Baptista has several post-conviction motions pending in BMC Dorchester, BMC Roxbury, and Quincy District Court. Mr. Baptista contends that in all of these cases he was denied his constitutional right to effective assistance of counsel and that his pleas be vacated accordingly.

1

3. If Mr. Baptista is successful in these motions his removal proceedings in immigration court will be reopened for further adjudication, and those proceedings could very well be subsequently terminated due to a lack of criminal convictions rendering him removable.

4. Quincy District Court issued a habeas to ICE, the Sheriff of Plymouth County, and to the Plymouth Correctional Facility on July 1, 2019 to allow Mr. Baptista to appear in court on July 3, 2019. The purpose of Mr. Baptista's physical presence in court was to clear some default warrants issued on his behalf due to his continued detention by ICE, and to be heard on a motion for new trial.

5. Mr. Baptista was not brought in to Quincy District Court on July 3, 2019 and was denied his constitutional right to due process.

6. Mr. Baptista has a hearing scheduled for July 8, 2019 in BMC Roxbury, and a hearing scheduled for July 12, 2019 in BMC Dorchester. He wishes to exercise his constitutional right to be present as a witness at his own evidentiary hearings.

7. In light of the failure to transport Mr. Baptista on July 3, 2019, and the persistent difficulties ICE detainees have faced in accessing the Massachusetts courts, judicial intervention is necessary to protect Mr. Baptista's rights. Mr. Baptista respectfully requests that this Court enter a temporary restraining order requiring his legal and physical custodians to transport him to his hearings on July 8, 2019

and July 12, 2019, in addition to any future hearing date resulting from the rescheduling of the July 3, 2019 hearing.

8. Mr. Baptista also seeks permanent relief, including an order requiring ICE and its contracted state custodians to identify and adhere to a consistent methodology for complying with any future state court orders to produce Mr. Baptista. Additionally, Mr. Baptista requests that the Court order that Mr. Baptista receive a constitutionally adequate bond hearing at which the government bears the burden to justify Mr. Baptista's continued detention.

## PARTIES

9. Petitioner is detained in the Plymouth County Correctional Facility, a component of the Plymouth County Sheriff's Office. He remains in immigration custody and is currently in the process of being removed to Cape Verde on or about July 5, 2019 based on recent information provided to the Petitioner's family.

10. Respondent Todd Lyons is the Acting Field Office Director for ICE and is Petitioner's immediate custodian. He is sued in his official capacity.

11. Respondent Antone Moniz is the superintendent of the Plymouth County Correctional Facility and is Petitioner's immediate custodian. He is sued in his official capacity.

12. Respondent Joseph D. McDonald, Jr. is the Sheriff of Plymouth County and is also Petitioner's immediate custodian. He is sued in his official capacity.

## JURISDICTION

13. This Court has jurisdiction under 28 U.S.C. § 2241 and Article I, Section 9, Clause 2 of the U.S. Constitution ("Suspension Clause"), as Mr. Baptista is currently in custody under color of the authority of the United States in violation of the Constitution, laws, or treaties thereof.

## VENUE

14. Venue lies in the District of Massachusetts because Mr. Baptista is currently detained at the Plymouth County House of Corrections, in Plymouth, Massachusetts, and a substantial part of the events or omissions giving rise to his claims occurred in Massachusetts. 28 U.S.C. §§ 1391, 2241.

## FACTS

15. On December 19, 2017, an immigration judge initially ordered Mr. Baptista removed to Cape Verde. Since that time Mr. Baptista has actively appealed that removal order and has pursued other avenues of relief, including the pending post-conviction motions in criminal courts.

16. Counsel is in the process of resolving some of the post-conviction matters with the Commonwealth and arranging hearing dates for the other matters to have a basis to reopen Mr. Baptista's most recent removal order issued on January 31, 2019. However, counsel was just informed by Mr. Baptista's family that ICE is intends to remove him to Cape Verde on or about Friday, July 5, 2019.

17. By detaining Mr. Baptista and threatening his imminent removal without consideration of whether he should be allowed to pursue his post-conviction relief or a Motion to Reopen, ICE is thwarting Congressional and regulatory intent, and violating Mr. Baptista's right to due process of law.

## CLAIMS FOR RELIEF

### COUNT 1 – Writ of Habeas Corpus
### (Detention without opportunity to respond to pending state charges)

18. The foregoing allegations are realleged and incorporated herein.

19. Mr. Baptista's detention at a state facility without the opportunity to respond to pending charges, in violation of state court order, is unauthorized and unlawful, notwithstanding any purported agreements to the contrary that the state facility may have made with federal authorities.

20. Mr. Baptista's detention without an opportunity to respond to the open warrants or testify at his own hearing is an unlawful deprivation of his constitutional rights, including his right to due process and confrontation.

### COUNT 2 - Writ of Habeas Corpus
### (Detention based on improper burden of proof)

21. The foregoing allegations are realleged and incorporated herein.

22. Mr. Baptista's detention is unlawful and violates his right to due process because he has not received a detention hearing at which the government was required to prove by clear and convincing evidence that Mr. Baptista is a danger to others

or a flight risk, and, even if so, that no condition or combination of conditions will reasonably assure Mr. Baptista's future appearance and the safety of the community.

## REQUEST FOR ORAL ARGUMENT

Petitioner respectfully requests oral argument on this Petition.

## PRAYER FOR RELIEF

Wherefor, Petitioner asks that this Court grant the following relief:

1. An order prohibiting Mr. Baptista's transfer from this District pending resolution of this petition;

2. A writ of habeas corpus *ad prosequendum*, or other order, requiring that Mr. Baptista be transported to BMC Roxbury on July 8, 2019, BMC Dorchester on July 12, 2019, and Quincy District Court at a whatever date the court resets the July 3, 2019 hearing to;

3. An order requiring that Mr. Baptista be transported to the Quincy District Court, BMC Roxbury, and BMC Dorchester for each and every hearing, trial, or other court date calendared by that court, and requiring ICE and its contracted state custodians to identify and adhere to a consistent methodology for complying with any future state court orders to produce Mr. Baptista;

4. A writ of habeas corpus ordering that Mr. Baptista be released, or, alternatively, ordering a detention hearing before this Court at which the

government bears the burden to justify any further detention by proving by clear and convincing evidence that Mr. Baptista is a danger to others or a flight risk, and, even if he is, that no condition or combination of conditions will reasonably assure his future appearance and the safety of the community;

5. Require that ICE honor the agreement that was reached in the litigation in the *Ramirez v. Tompkins* (No. 1:18-cv-12452) action;

6. Award attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504, if applicable; and

7. Order any further relief this Court deems just and proper.

Respectfully submitted this 3rd day of July, 2019.

        Petitioner,
        By his attorney,
        Alirio Teixeira Baptista,

        /s/*Todd C. Pomerleau*
        Todd C. Pomerleau, Esq.
        Rubin Pomerleau PC
        One Center Plaza, Suite 400
        Boston, Massachusetts 02108
        Tel. (617) 367-0077
        tcp@rubinpom.com
        MA BBO# 664974

        /s/*Jeffrey B. Rubin*
        Jeffrey B. Rubin, Esq.
        jbr@rubinpom.com
        MA BBO #640964